GEORGE T. SWANN v. J. A. HORNE, ADMINISTRATOR, ETC.

| 54 | 337 |
|----|-----|
| 78 | 582 |

1. CHANCERY.   *Writ of error.   Bond.*
   Under § 411 Code 1871, any party to a final decree in chancery is en-
   titled to a writ of error as matter of right without bond; but such
   writ of error will operate as a *supersedeas* only when a bond is given
   as prescribed in that section.

2. SAME.   *Appeal.   Bond.*
   On appeal from a final decree in chancery, where no *supersedeas* is ap-
   plied for, bond should be given, as provided in § 1252 Code 1871, for
   costs accrued in the case, or to accrue on the appeal; and where
   *supersedeas* is granted, the bond, as provided by § 1254, should be
   conditioned to perform the original decree, and also such final decree
   as the Supreme Court may render, and to pay all costs accrued or to
   accrue should such decree be affirmed.

3. SAME.   *Condition of bond without supersedeas.*
   A bond, under § 1252 Code 1871, for an appeal without *supersedeas* is
   not vitiated by embracing in its condition the clause, "should such
   decree be affirmed," or equivalent words which make the obli-
   gation conditional on the judgment of the Supreme Court; and such
   words, if omitted, would be supplied by legal intendment.

THIS is a motion to dismiss an appeal from the Chancery
Court of Hinds County, on the ground of want of jurisdiction,
the appeal bond being not conditioned in the language of the
statute.

*Frank Johnston,* in support of the motion, cited and com-
mented on Code 1871, §§ 410, 411, 1252, 1254 ; *Hardaway* v.
*Biles,* 1 S. & M. 657 ; *Porter* v. *Grisham,* 3 How. (Miss.) 75.

*Shelton & Shelton*, contra, cited and commented on Code 1871, §§ 410, 411, 1252, 1254; *Conger* v. *Robinson*, 4 S. & M. 210, 228; *Coleman* v. *Rowe*, 4 S. & M. 747.

CAMPBELL, J., delivered the opinion of the court.

This is a motion to dismiss the appeal, because the appeal bond is not in accordance with the statute. The condition is this; viz., "Now, if the said (appellant) shall prosecute said appeal with effect, or, in case of failure therein, shall pay and satisfy the amount of said judgment (referring to the judgment described in the preceding part of the condition) according to the consideration of said Appellate Court (meaning this court, which is mentioned before in the condition), and, moreover, perform and satisfy such, the consideration and judgment of said Appellate Court thereon, then this obligation to be void; otherwise, it is to remain in full force." This bond is not conditioned in the words of any statute, but embraces in substance every thing contained in the language of § 1254 of the Code. But it is urged by counsel in support of this motion that the bond was not given under the section cited, but under § 1252, which prescribes the condition of a bond on appeal without *supersedeas*, and that it requires a bond conditioned to pay "all costs which have accrued in the case, or which may accrue in the prosecution of the appeal;" and that the addition to the condition of the clause, "or in case of failure therein," renders the bond invalid, and that the appeal must be dismissed. The frequency with which questions arise upon motions to dismiss appeals from the Courts of Chancery has induced us to examine the whole subject, and to declare in this opinion how cases may be brought to this court from the final decrees of Chancery Courts.

Sect. 411 of the Code entitles any party to a final decree in chancery to a writ of error as a matter of right without bond. Such writ of error will operate as a *supersedeas* only when a bond shall be given as prescribed by said section. In view of this plain provision of the statutes, which has been in force, in the very words in which it now exists, since the Code of 1857, and has been substantially in force since the year 1837, it is surprising that parties desiring to have decrees reviewed by

this court without having a *supersedeas* do not always employ
the simple mode of applying for a writ of error. This is one
mode of bringing a final decree of a Chancery Court before
this court for hearing and determination. Another is by
appeal. Sect. 410 of the Code must be held not applicable to
appeals from decrees of Chancery Courts, because the Chancery
Court law specially regulates them.

Sect. 1252 of the Code prescribes what bond shall be given
" in those cases where no *supersedeas* is applied for," and
§ 1254 prescribes " the condition of appeal bonds where *super-
sedeas* is granted." The former requires a bond for costs
" accrued in the case, or which may accrue in the prosecution
of the appeal;" the latter, a bond conditioned to perform the
" original decree, and also such final decree as the Supreme
Court may render, and all the costs which have accrued, or
may accrue, *should such decree be affirmed.*"

It is insisted that a bond under § 1252 is vitiated by em-
bracing in its condition the clause, " should such decree be
affirmed," or any equivalent words which make the obligation
of the bond conditional on the judgment of this court. If that
be true, the bond under § 1252 is not conditional at all, but
absolute; and it is senseless in the statute to speak of a condi-
tion. According to that view, the bond is a single one, though
in form conditional. The form of condition is a cheat and
snare, a mere form to disguise an absolute bond to pay all costs
which have accrued in the case, or which may accrue in the
appeal, without regard to the result of the appeal; thus bind-
ing the appellant (and sureties) who obtains a reversal of
a decree, not only for the costs of the appeal in which he
was plaintiff, but for all the costs of the case which had
been erroneously adjudged against him below by an unjust de-
cree reversed here. Can it be that a defendant in chancery,
who appeals from a final decree against him, and procures a
reversal of the decree, and a judgment here for recovery from
his adversary of his costs, most wrongfully sustained, can,
nevertheless, be sued on his appeal bond, with his sureties, for
all costs of the case and the appeal which have been adjudged
against his adversary? The reversal of a decree vacates it
as to costs (unless by special judgment here), and discharges

the appellant from all costs adjudged against him below, and none are adjudged against him here. Is he bound to pay all costs of the case by virtue of the appeal bond? No execution can be issued on the bond in case of reversal for want of a judgment to support it. May an action in such case be maintained on the appeal bond? If the condition is to pay "all costs which have accrued in the case, or which may accrue in the prosecution of the appeal," without any qualifying words, what breach of this condition would be assigned? Could there be any except non-payment of all costs, and would it not be maintained by the mere proof that all the costs had not been paid? Thus the bond would be an absolute engagement, in any event, to pay all costs of the case; although by the judgment of this court the appellant was not taxed with any. A result so shocking to justice cannot flow from a correct interpretation of the statute. The true view is, that a liability for costs is imposed on the obligors only in case the decree appealed from is affirmed. The clause in § 1254, "should such decree be affirmed," applies to the condition of the bond provided for by § 1252, and is properly embraced in the condition of all bonds under that section; and, if not expressed, will always be supplied by necessary legal intendment. If a decree be affirmed on appeal, the obligors in the appeal bond are liable for all costs according to the tenor of the bond; if reversed, the obligors are freed from the bond. This is true in case of an appeal with *supersedeas* (§§ 1259, 1260); and surely no greater liability as to costs can exist in one case than in the other.

It results from these views that an appeal bond, where no *supersedeas* is applied for, is not bad, because its obligation is made conditional on the affirmance of the decree; and as the bond is conditioned substantially as required by § 1252 of the Code, the motion to dismiss is                    *Denied.*